United States District Court
Middle District of Florida
Jacksonville Division

GEORGE A. HILL, II,

     *Plaintiff,*

V.                              NO. 3:21-CV-165-MMH-PDB

ERIC L. DINGES AND TRANSPARENT HOME
SERVICES, LLC,

     *Defendants.*

---

## Report & Recommendation

In this trademark-infringement action, plaintiff George Hill moves for default judgment against defendants Eric Dinges and Transparent Home Services, LLC. Docs. 12 (motion), 17 (supplement), 18-1 (proposed injunction). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Hill brings his claims under federal law; specifically, under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## I.    Background

In the complaint, Hill alleges the following facts. He is a person residing in St. Johns County, Florida. Doc. 1 ¶ 1. He owns three trademarks registered with the United States Patent and Trademark Office (PTO):

> TRANSPARENT HOME BUILDING (No. 5984976; filed on December 21, 2017, and registered on February 11, 2020);

> TRANSPARENT HOME BUILDERS (No. 6142258; filed on December 21, 2018, and registered on September 1, 2020); and

TRANSPARENT HOME BUYING (No. 5932691; filed on December 21, 2017, and registered on December 10, 2019).

Doc. 1 ¶¶ 1, 7, 10, 13.

Hill uses the first two marks with his company Transparent Home Builders, LLC, a Florida limited liability company with its principal place of business in Duval County specializing in home building and construction project management services. Doc. 1 ¶¶ 8, 11. He uses the third mark with his company Transparent Home Buying, LLC, a Florida limited liability company with its principal place of business in Duval County specializing in "real estate brokerage services in connection with home building and construction project management services." Doc. 1 ¶ 14. He controls the use of the marks and the nature and quality of the services of his companies, which use the marks. Doc. 1 ¶¶ 9, 12, 15. The marks "are the only registered marks found using the designation 'Transparent Home' in the home building and construction management industries in Florida." Doc. 1 ¶ 29.

Dinges is a person residing in Clay County, Florida. Doc. 1 ¶ 2. He manages Transparent Home Services, LLC, a Florida limited liability company with its principal place of business in Clay County. Doc. 1 ¶¶ 2, 3. He "is in control of and is responsible for the infringing use of the [p]laintiff's [m]arks by Transparent Home Services, LLC." Doc. 1 ¶ 2.

The defendants use "Transparent Home" on their website, www.transparenths.com. Doc. 1 ¶¶ 16, 17; Doc. 1-1. The website states:

> Transparent Home Services offers all-inclusive home improvement and maintenance services. Our scope is broad, completing small tasks and large projects alike for our clients …. Our experts have experience with a wide range of home construction and renovation services …. We offer

our home improvement services in Duval County, Clay County, Baker County, and surrounding areas.

Doc. 1 ¶ 16; Doc. 1-1. The website features the words, "TRANSPARENT HOME SERVICES," and touts cabinet repair, carpentry work, gutter cleaning, ceiling repair, concrete work, deck and patio work, drywall repair, painting, power washing, framing, and handyman services. Doc. 1-1 at 3–4. The defendants "purposefully" placed "Transparent Home" before "Services." Doc. 1 ¶¶ 33, 49, 64.

"On or about July 22, 2020," Hill sent the managers and registered agent of Transparent Home Services, LLC, a cease-and-desist letter through Federal Express. Doc. 1 ¶ 19. He detailed the infringement and established a July 31, 2020, deadline to stop using "Transparent Home." Doc. 1 ¶ 19. Dinges, who "has the ability to comply with the demand and stop the infringement," received the letter. Doc. 1 ¶ 21.

As of February 18, 2021, when Hill filed the complaint, Transparent Home Services, LLC, had not changed its name on the Florida Division of Corporations' website and had not stopped using "Transparent Home."[1] Doc. 1 ¶¶ 20, 23.

---

[1]Transparent Home Services, LLC, appears to continue to be active. At any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d). The Florida Division of Corporations continues to classify Transparent Home Services, LLC, as an active company, with Dinges as a manager. *See* http://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=Entity Name&directionType=Initial&searchNameOrder=TRANSPARENTHOMESERVICES%20L 200000636070&aggregateId=flal-l20000063607-735a11ed-241b-4214-b210-56c093a25c64&searchTerm=Transparent%20Home%20Services&listNameOrder=TRANSP ARENTHOMESERVICES%20L200000636070 (last visited on Sept. 13, 2021). The Court can

Hill adds legal conclusions. According to him, the defendants' use of "Transparent Home" has a "substantial likelihood of causing confusion with [his marks] among consumers" and "has caused actual confusion with [his marks] among consumers." Doc. 1 ¶¶ 17, 18. According to him, the defendants "have continued their infringing use of the Transparent Home designation on the Internet in a manner which causes confusion with [his marks] to the public." Doc. 1 ¶ 22. And according to him, the defendants' purposeful placement of "Transparent Home" before "Services" serves to create "initial interest and confusion by either diverting customers looking for the company or companies associated with" the plaintiff's marks or "by allowing customers to believe that the [p]laintiff's [m]arks are associated with and/or representative of the [d]efendants and the [d]efendants' services, thereby allowing [d]efendants to benefit from the goodwill associated with" the plaintiff's marks. Doc. 1 ¶¶ 33, 49, 64.

Hill brings three claims for trademark infringement under the Lanham Act, one claim for each mark. Doc. 1 ¶¶ 25–71. In his prayers for relief, he requests all available remedies, including injunctive relief. Doc. 1 ¶¶ 40, 56, 71.

Hill served process on Dinges through a process server, who avers she delivered a copy of the summons and complaint to Dinges's co-resident, who is over the age of 15. Doc. 6. Hill served process on Transparent Home Services, LLC, through another process server, who avers she delivered a copy of the

---

judicially notice these facts as readily and accurately determined from a source whose accuracy cannot reasonably be questioned.

summons and complaint to an employee of the registered agent of the company.[2] Doc. 7.

Hill provides an affidavit of his counsel stating that he verified through the Servicemembers Civil Relief Act Centralized Verification Service that the Department of Defense Manpower Data Center has no information indicating Dinges is in active-duty status.[3] Docs. 17, 17-1, 17-2, 17-3.

The clerk entered default against Dinges and Transparent Home Services, Docs. 9, 10, after each failed to appear following service of process, Docs. 6, 7.

In the motion for default judgment, Hill asks the Court to "enter final default judgment and a permanent injunction against the Defendants, together with such other and further relief as this Court deems appropriate." Doc. 12 at 13. He proposes the following language:

---

[2]Proper service of process does not appear to be an issue here. An individual may be served in a judicial district of the United States by leaving a copy of process "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Fed. R. Civ. P. 4(e)(2)(B). A person of "suitable age" need not be an adult. *Lopez v. Traffic Bar & Rest. Inc.*, No. 12-CIV-8111 JCF, 2015 WL 545190, at *3 (S.D.N.Y. Feb. 9, 2015). A corporation, partnership, or other unincorporated association subject to suit under a common name may be served "by delivering a copy of [process] to … any … agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B). Information in returns of service establish the defendants were properly served with process. *See* Docs. 6, 7.

[3]Compliance with the Servicemembers Civil Relief Act is not an issue here. Under the Act, for any civil action "in which the defendant does not make an appearance," the court, "before entering judgment for the plaintiff," must "require the plaintiff to file with the court an affidavit—(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service." 50 U.S.C. § 3931(b)(1). Counsel's affidavit suffices to show Dinges is not in military service.

Defendants and their officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendants are hereby permanently restrained and enjoined from:

a.     manufacturing or causing to be manufactured, importing, advertising, or promoting, distributing, selling or offering to sell infringing goods or services utilizing Plaintiff's TRANSPARENT HOME BUILDING, TRANSPARENT HOME BUILDERS, or TRANSPARENT HOME BUYERS registered trademarks, or any confusingly similar trademarks (the "Plaintiff's Marks");

b.     using the Plaintiff's Marks in connection with the sale of any unauthorized goods or services;

c.     using any logo, and/or layout which may be calculated to falsely advertise the services or products of Defendants offered for sale or sold via any Internet website, domain name, or business, as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff;

d.     falsely representing themselves as being connected with Plaintiff, through sponsorship or association;

e.     engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, including any offered for sale or sold via any Internet website, domain name, or business, are in any way endorsed by, approved by, and/or associated with Plaintiff;

f.     using any reproduction, copy, or colorable imitation of the Plaintiff's Marks in connection with the publicity, promotion, sale, or advertising of any goods or services sold by Defendants, including via any Internet website, domain name, or business;

g.     affixing, applying, annexing or using in connection with the sale of any goods or services, a false description or representation, including words or other symbols tending to falsely describe or represent goods offered for sale or sold by Defendants, including any Internet website, domain name, or business, as being those of Plaintiff or in any way endorsed by Plaintiff;

h.      otherwise unfairly competing with Plaintiff;

i.      using the Plaintiff's Marks, or any confusingly similar trademarks within domain name extensions, metatags or other markers within website source code, from use on any webpage (including as the title of any web page), from any advertising links to other websites, from search engines' databases or cache memory, and from any other form of use of such terms which are visible to a computer user or serves to direct computer searches to websites registered, owned, or operated by Defendants; and

j.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (j).

Doc. 18-1.

## II.    Law

### A.    *Default and Default Judgment*

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

If the claim is not for a "sum certain or a sum that can be made certain by computation," the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55(b)(1), (2). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

To decide an application for default judgment, a "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of

any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2)(A)–(D). "An evidentiary hearing is not a per se requirement; … [N]o such hearing is required where all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005).

Before entering default judgment, a court must ensure the well-pleaded factual allegations state a claim on which relief can be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975). By defaulting, a defendant admits the plaintiff's well-pleaded factual allegations. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). But a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

## B.    *Trademark Infringement*

Under the Lanham Act, a person who, "without the consent of the registrant," uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive" is "liable in a civil action by the registrant[.]" 15 U.S.C. § 1114(1)(a), (b).

"Distinctiveness is the key to trademark protectability." *Pinnacle Advert. & Mktg. Grp., Inc. v. Pinnacle Advert. & Mktg. Grp., LLC*, 7 F.4th 989, 1004 (11th Cir. 2021). Only a distinctive mark—a mark that serves the purpose of identifying the source of a good or service—is entitled to trademark protection under the Lanham Act. *Id.*

A mark is inherently distinctive if the mark itself identifies the source of a particular product or service. *Id.* If "a mark is inherently distinctive, no proof of secondary meaning is required to prove protectability." *Id.* A mark can acquire distinctiveness if the mark "initially might have described a broad class of products" but over time developed a "secondary meaning" linking the mark to a particular source. *Id.* If a mark is "not inherently distinctive, proof of secondary meaning is required to obtain protection." *Id.*

To separate a distinct mark from a non-distinct mark, the Eleventh Circuit classifies marks into four categories, from strongest to weakest: (1) fanciful or arbitrary, (2) suggestive, (3) descriptive, and (4) generic. *Id.* "The demarcation between each category is more blurred than it is definite." *Coach House Rest., Inc. v. Coach & Six Rests., Inc.*, 934 F.2d 1551, 1559 (11th Cir. 1991). An arbitrary or fanciful mark bears no relationship to the service. *Id.* at 1560. A suggestive mark suggests the characteristics of the service and requires imagination to be understood as descriptive. *Id.* A descriptive mark merely identifies a characteristic or quality of a service. *Id.* A generic mark suggests the basic nature of the service. *Id.* A fanciful, arbitrary, or suggestive mark is inherently distinctive. *Pinnacle Advert.*, 7 F.4th at 1004. A descriptive mark is not inherently distinctive but can acquire distinctiveness through secondary meaning. *Id.* A generic mark is never protectable. *Id.* "When a mark has been registered with the PTO, there is a rebuttable presumption that the marks are protectable or distinctive."[4] *Id.* (internal quotation marks omitted).

---

[4]Hill fails to provide the certificates of registration of his marks. "A certificate of registration of a mark … [is] prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the certificate, subject to any conditions or limitations stated in the certificate." 15 U.S.C. § 1057(b).

"An infringement claim requires demonstration (1) that the plaintiff had enforceable trademark rights in the mark or name, and (2) that the defendant made unauthorized use of the mark or name such that consumers were likely to confuse the two." *Savannah Coll. of Art & Design, Inc. v. Sportswear, Inc.*, 983 F.3d 1273, 1277 n.3 (11th Cir. 2020) (internal quotation marks omitted). Seven factors determine whether a likelihood of confusion exists: "(1) type of mark, (2) similarity of mark, (3) similarity of the products the marks represent, (4) similarity of the parties' retail outlets and customers, (5) similarity of advertising media used, (6) defendant's intent and (7) actual confusion." *Hard Candy, LLC v. Anastasia Beverly Hills, Inc.*, 921 F.3d 1343, 1360 (11th Cir. 2019) (quoted authority omitted).

A manager may be liable for contributory trademark infringement if: "(1) a person or entity commits direct trademark infringement under the Lanham Act"; and (2) the manager "(a) intentionally induces the direct infringer to commit infringement, (b) supplies a product to the direct infringer whom it knows is directly infringing (actual knowledge), or (c) supplies a product to the direct infringer whom it has reason to know is directly infringing (constructive knowledge)." *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312, 1317 (11th Cir. 2019) (internal quotation marks omitted).

"[A] plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be

disserved by a permanent injunction." *Id.* "[A] remedy at law for consumer confusion or reputational damage is ordinarily inadequate, given the potential difficulty of proof of plaintiff's damages and the impairment of intangible values." *Boulan S. Beach Master Ass'n v. Think Props., LLC*, 617 F. App'x 931, 934 (11th Cir. 2015) (internal quotation marks omitted).

Under the Lanham Act, a federal court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the [PTO.]" 15 U.S.C. §1116(a). "A plaintiff seeking any such injunction [is] entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction[.]"[5] *Id.* "Any such injunction granted upon hearing, after notice to the defendant, by any district court of the United States, may be served on the parties against whom such injunction is granted anywhere in the United States." *Id.* The injunction "shall be operative and may be enforced by proceedings to punish for contempt, or otherwise, by the court by which such injunction was granted, or by any other United States district court in whose jurisdiction the defendant may be found."[6] *Id.*

---

[5]Congress added the rebuttable presumption in 2020 through the Trademark Modernization Act of 2020, which was part of the Consolidated Appropriations Act 2021. *See* Pub. L. No. 116-260, § 226, 134 Stat 1182 (2020) (stating that 15 U.S.C. 1116(a) "is amended by inserting after the first sentence the following: 'A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction[.]'"); *see also id.* ("The amendment … shall not be construed to mean that a plaintiff seeking an injunction was not entitled to a presumption of irreparable harm before the date of enactment of this Act.").

[6]An injunction under the Lanham Act "may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has

"Every order granting an injunction … must: (A) state the reasons why it issued; (B) state its terms specifically; and (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(A)–(C). "[I]njunctive relief should be no more burdensome to the defendant than necessary to provide complete relief to the plaintiff[]." *Califano v. Yamasaki*, 442 U.S. 682, 702 (1979).

This Court has permanently enjoined defendants who have defaulted on trademark infringement claims under the Lanham Act. *See Venus Fashion, Inc. v. Tidebuy Int'l, Ltd.*, No. 3:14-cv-191-J-34JBT, 2015 WL 5915961, at *1 (M.D. Fla. Oct. 8, 2015); *Ultratech Int'l, Inc. v. Res. Energy Grp., LLC*, No. 3:14-cv-12-J-34JBT, 2015 WL 1911322, at *2 (M.D. Fla. Apr. 27, 2015); *Hosp. Int'l, Inc. v. Sitaram, Inc.*, No. 3:12-cv-01145-99MMH, 2013 WL 6798927, at *1 (M.D. Fla. Dec. 23, 2013); *E.I. DuPont De Nemours & Co. v. Magic Touch Cleaning & Restoration, Inc.*, No. 5:10-cv-381-Oc-34TEM, 2011 WL 2631854, at *2 (M.D. Fla. July 5, 2011).

## III.  Analysis

By defaulting, the defendants admit Hill's well-pleaded factual allegations as true. Through those admissions, Hill has established the elements for his claims.

Hill's marks—TRANSPARENT HOME BUILDING, TRANSPARENT HOME BUILDERS, and TRANSPARENT HOME BUYING—are registered

---

complied with the injunction." 15 U.S.C. §1116(a). Hill does not request this relief. *See generally* Docs. 12, 18-1. Thus, this report and recommendation does not recommend this relief.

with the PTO. His marks therefore are presumed protectable or distinctive. *See Pinnacle Advert.*, 7 F.4th at 1004. The defendants have failed to come forward to try to rebut the presumption. Through Dinges, Transparent Home Services uses "Transparent Home" in commerce by using "Transparent Home" in its name and website. The defendants purposely put "Transparent Home" before "Services." A balance of factors supports a likelihood of confusion. Hill's marks are suggestive, with each suggesting a characteristic of the service through imagination. Hill's marks and the allegedly infringing mark are substantially similar, all using "Transparent Home" followed by a type of service. Hill's marks and the allegedly infringing mark are used for businesses relating to home building, home construction, or home repair. And the businesses operate in the same geographic region that includes Duval County.

Hill satisfies the four-factor test for a permanent injunction. The finding of trademark infringement entitles him to a rebuttable presumption of irreparable harm. *See* 15 U.S.C. §1116(a). The defendants have failed to come forward to try to rebut the presumption. The remedies at law are inadequate because the defendants' continued use of an infringing mark in commerce constrains Hill's ability to control the quality of services associated with his businesses. The balance of hardships favors Hill; the defendants' infringement of the marks causes Hill hardship, whereas enjoining them from infringing his marks causes them no discernible hardship. And the public interest is served—not disserved—by a permanent injunction because a permanent injunction will prevent consumers from being misled.

Hill's proposed permanent injunction is overbroad because it assumes facts neither alleged in the complaint nor otherwise stated in the record (such as use of a logo or layout) and is vague to the extent it enjoins "otherwise

unfairly competing with Plaintiff." *See Ultratech Int'l, Inc.*, 2015 WL 1911322, at *11, n.12 (adopting recommendation that permanent injunction exclude as vague proposed language enjoining the defendants from otherwise competing unfairly with the plaintiff in any manner). The undersigned recommends the following language instead, tailoring previous injunctions by this Court to the facts here:

> Transparent Home Services, LLC, Eric Dinges, and anyone affiliated or acting in concert with Transparent Home Services, LLC, Eric Dinges, or both who receives actual notice of this order are permanently enjoined from:
>
> 1.   using the marks TRANSPARENT HOME BUILDING, TRANSPARENT HOME BUILDERS, TRANSPARENT HOME BUYERS, and any confusingly similar marks in connection with any home-related (including any home-improvement, home-construction, home-repair, or home-financing) business, website, domain name, advertisement, marketing campaign, promotion, or sale of goods or services;
>
> 2.   claiming or implying connection to, association with, endorsement of, or approval by George A. Hill, II, Transparent Home Builders, LLC, or Transparent Home Buying, LLC; and
>
> 3.   circumventing or otherwise avoiding the prohibitions in this permanent injunction by actions such as effecting assignments or transfers or forming new entities or associations.

## IV.   Recommendation[7]

The undersigned **recommends**:

---

[7]"Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve

1.      **granting** Hill's motion for entry of default judgment, Doc. 12, as supplemented, Doc. 17;

2.      **declining** to mirror the proposed permanent injunction, Docs. 18, 18-1, but **entering** a permanent injunction using the language immediately above; and

3.      **directing the clerk** to enter default judgment in favor of George A. Hill, II, and against Eric Dinges and Transparent Home Services, LLC, and to close the case.

**Entered** in Jacksonville, Florida, on September 13, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

---

and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.